JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4333 PA (MANx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | Ping Ping An Wang v. Irene Unutoa, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Irene and Paga Unutoa ("Defendants") on June 17, 2013.  Plaintiff Ping Ping An Wang ("Plaintiff") filed its Complaint in Los Angeles County Superior Court asserting a single cause of action for unlawful detainer.  Defendants assert that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1443, which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal rights of citizens of the Untied States."  28 U.S.C. § 1443(1).  Defendants also invoke the Court's federal question jurisdiction, 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

**A.   Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  There is no federal question jurisdiction simply because there is a federal defense to the claim.  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4333 PA (MANx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | Ping Ping An Wang v. Irene Unutoa, et al. | | |

one or is a state claim preempted by federal law. <u>Sullivan v. First Affiliated Sec., Inc.</u>, 813 F. 2d 1368, 1372 (9th Cir. 1987).

  Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Defendants' Notice of Removal alleges that they will be filing a Complaint against Plaintiff alleging claims under the Fair Housing Act and that their Answer to the unlawful detainer action asserts an affirmative defense that Plaintiff "is arbitrarily discriminating against the defendant in violation of the Constitution or laws of the United States." These allegations do not constitute a basis for removal. Neither a federal defense nor an actual or anticipated federal counterclaim form a basis for removal. <u>Vaden v. Discover Bank</u>, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). Therefore, Defendant has failed to show that federal question jurisdiction exists.

  **B.**  **<u>Removal Under 28 U.S.C. § 1443</u>**

  A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." <u>Walker v. Georgia</u>, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in <u>Georgia v. Rachel</u>, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and <u>City of Greenwood, Miss. v. Peacock</u>, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir. 1970) "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." <u>Id.</u>

<u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 998-99 (9th Cir. 2006). Defendants do not allege any facts that would support removal under § 1443 and therefore Defendants meet neither part of the Supreme Court's test in <u>Georgia v. Rachel</u>. There are no allegations or any other indication that Defendants have properly

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4333 PA (MANx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | Ping Ping An Wang v. Irene Unutoa, et al. | | |

sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that they are unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. Nothing in Defendants' Notice of Removal satisfies their burden to show that any potential deficiencies in California's unlawful detainer procedures "command[s] the state courts to ignore" Defendants' federal rights. See Patel, 446 F.3d at 998-99. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

## CONCLUSION

For the foregoing reasons, Defendants have failed to meet their burden of showing that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Long Beach Courthouse, Case No. 13U00044. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.